# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN ROBERTSON, | ) | CASE NO. 1:12CV3042 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TERRY TIBBALS, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court are petitioner's objections[1] (Doc. No. 17)[2] to the Report and Recommendation ("R&R") (Doc. No. 14) of Magistrate Judge Vernelis K. Armstrong, recommending denial of the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Respondent has filed neither objections nor a response to petitioner's objections. The matter is ripe for determination.

The underlying pleadings in the case include the Petition (Doc. No. 1), the Return of Writ ["Return"] (Doc. No. 5), along with its re-filed Appendix ["App."] (Doc. No. 9), and the Traverse, as amended (Doc. No. 13).

For the reasons set forth herein, the objections to the R&R are overruled.

## I. PROCEDURAL BACKGROUND

The September 2008 term of the Cuyahoga County grand jury indicted Melvin Robertson ("Robertson" or "petitioner") on one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2), with a sexually violent predator ("SVP") specification, and one count of

---

[1] Due to clerical errors, petitioner had to refile his objections twice. The final version is Doc. No. 17.

[2] Petitioner is represented by counsel in this proceeding.

kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2) and/or (A)(4), with a sexual motivation specification. Both counts also included a repeat violent offender ("RVO") specification and a notice of prior conviction ("NPC"). (App., Ex. 1.)[3]

Robertson entered pleas of not guilty on both counts. (App., Ex. 2.) A jury trial commenced on August 3, 2009; a mistrial was declared on August 14, 2009, due to a hung jury. (*Id.*, Ex. 5.) On October 5, 2009, Robertson waived his right to a jury trial as to the specifications only. (*Id.*, Ex. 6.) A second jury trial proceeded, and resulted in acquittal on the kidnapping charge, but conviction on the rape charge. In a trial to the bench, the defendant was also found guilty of the RVO, NPC, and SVP specifications. (*Id.*, Exs. 7, 10.) Robertson was sentenced to an aggregate term of imprisonment of eighteen (18) years to life (ten years for the rape conviction, a consecutive eight years for the RVO specification, and life for the SVP specification). (*Id.*, Ex. 10.) Robertson was also found to be a Tier III Sex Offender/Child Victim Offender, subject to registration requirements. (*Id.*, Ex. 10 at 1268.)

Represented by counsel, Robertson filed a timely notice of appeal to the Ohio Eighth District Court of Appeals. (App., Ex. 11.)[4] On January 27, 2011, the Court of Appeals

---

[3] The opinion of the Ohio Eighth District Court of Appeals on Robertson's direct appeal contains many facts that, under 28 U.S.C. § 2254(d)(1), this Court must presume to be correct, including the following, which help to set some context for this discussion:

> In September of 2008, B.S. and S.S. became friends on MySpace.com, a social networking website. Both B.S. and S.S. are females; B.S. was 16 years old at the time, and S.S. was 17 years old. On September 19, 2008 at 10:00 p.m., B.S. and defendant, who was B.S.'s boyfriend, picked S.S. up and took her back to their house in Newburgh Heights. Defendant was 36 years old at the time.
>
> Between approximately 2:30 a.m. and 3:30 a.m. on September 20, 2008, defendant and S.S. had sexual intercourse. On September 23, 2008, S.S. went to the police, alleging that defendant had raped her. . . .

(App., Ex. 14 at 1327, footnote omitted.)

[4] Robertson raised the following assignments of error:

> 1.    The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of rape.

2

affirmed the conviction and sentence. (*Id.*, Ex. 14.) On March 10, 2011, Robertson filed a pro se

notice of appeal to the Ohio Supreme Court. (*Id.*, Ex. 15.)[5] On May 4, 2011, leave to appeal was

denied, and the appeal was dismissed "as not involving any substantial constitutional question."

(*Id.*., Ex. 18.)

    Still proceeding pro se, on April 5, 2011, Robertson filed an application to reopen

his appeal. (App., Ex. 19.)[6] On September 16, 2011, the Court of Appeals denied the application

---

   2.   Appellant's conviction for rape was against the manifest weight of the evidence.

   3.   The trial court erred in admitting certain other acts evidence.

   4.   Appellant was denied a fair trial as a result of prosecutorial misconduct.

   5.   Appellant was denied a fair trial as a result of the State's failure to disclose exculpatory evidence or Brady material.

   6.   The trial court erred in convicting and sentencing appellant of the sexually violent predator specification.

(App., Ex. 12 at 1274.)

[5] In his memorandum in support of jurisdiction, Robertson raised four propositions of law:

   1.   Appellant's 5th and 14th Amendment to the United States Constitution governing Due Process requirements was violated and denied a fair trial when the state failed to disclose requested exculpatory evidence and Brady material.

   2.   Appellant was denied effective assistance of counsel as required by the United States Constitution.

   3.   Appellant was denied a fair trial as a result of Prosecutorial Misconduct which violated his 6th Amendment Right to Compulsory Process for obtaining witnesses in his favor.

   4.   There was insufficient evidence to support the elements and conviction of rape.

(App., Ex. 16 at 1349.)

[6] Robertson raised the following assignments of error:

   1.   Appellate Counsel was ineffective for failing to raise the issue of the trial court committing prejudicial error by permitting a [sic] expert witness to give testimony that improperly bolstered the credibility of the alleged victim that violated fair trial and due process clauses of the federal constitution, the Ohio Rules of Evidence and the Ohio Supreme Court's decision in *State v. Boston*.

   2.   Appellate Counsel was ineffective for failing to raise the issue that appellant's conviction was obtained from perjured testimony knowingly used by the prosecution in violation of due process and fair trial clauses of the federal constitution.

   3.   Appellant was denied effective assistance of Appellate Counsel as required by the United States Constitution.

   4.   The Appellate Counsel was ineffective for failing to raise the issue that the trial court committed prejudicial error and denied appellant due process of law and a right to a fair

to reopen. (*Id.*, Ex. 21.) On October 26, 2011, Robertson appealed pro se to the Ohio Supreme Court (*id.*, Ex. 22),[7] which dismissed the appeal on December 21, 2011 (*id.*, Ex. 25).

On December 13, 2012, represented by counsel, Robertson filed this petition for writ of habeas corpus raising the following grounds for relief:

1.  Unfairly prejudicial admission of opinion evidence.
2.  Ineffective assistance of appellate counsel.
3.  Prosecutorial misconduct.
4.  Unfairly prejudicial evidence.
5.  Cumulative errors at trial.

(Petition, Section III, at 24-33.)

## II. DISCUSSION

### A.  Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "may accept,

---

trial by sustaining the prosecutor's objection in a key area during cross-examination that imposed restrictions and violations to appellants [sic] constitutional guarantee of the 6th amendment right to effective confrontation.

5.  Appellate Counsel was constitutionally ineffective under the 6th and 14th Amendment of the federal constitution when he failed to raise the cumulative effect of the errors contained in propositions of law 1, 2 and 4 and their cumulative effect on the fundamental fairness of trial.

(App., Ex. 19, passim.)

[7] In his memorandum in support of jurisdiction, Robertson raised the same five issues he had presented in his application to reopen. (App., Ex. 23 at 1427.)

4

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its de novo review in a habeas context, this Court must be mindful of the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, -- U.S. --, 131 S. Ct. 770, 786, 1778 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Finally, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "The 'cause' standard in procedural-default cases requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise a claim in the state courts." *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)). "[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450-51, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000).

**B.     Analysis**

The R&R sets forth reasons for denial of the petition on all five grounds raised. Petitioner does not challenge the R&R's conclusion regarding ground five (cumulative errors at

6

trial) and that conclusion is, therefore, accepted by the Court. Petitioner's objections address the other four grounds. Each will be discussed separately.

1.    **Ground One – Unfairly Prejudicial Admission of Opinion Testimony**

Petitioner argues that Justin Barnhart, a forensic scientist employed by the Ohio Bureau of Criminal Identification and Investigation, was allowed to testify as a state's expert with respect to matters that required no expert testimony, solely for the purpose of establishing that the alleged victim could have been telling the truth, amounting to improper bolstering.[8] Robertson asserts that Barnhart "was an apologist for the lack of evidence in this case." (Petition at 24.) He asserts that the prosecutor brought in an expert[9] to explain away the lack of medical or physical evidence corroborating the accusation of rape. Barnhart testified, for instance, that he would not expect to find semen on the swabs contained in a rape kit if a condom had been used, that semen would exit the body of a menstruating woman[10] faster than otherwise, and that saliva might not be found on the victim if she had showered. Petitioner asserts that, aside from the fact that the these matters did not require expert testimony, there was no foundation for Barnhart's opinion on menstruation and nothing in his training suggested competence to testify in this regard. Petitioner also claims that the prosecutor unlawfully vouched for this expert's bolstering testimony in closing argument. (*Id.* at 25.) Petitioner asserts that these alleged errors violated the Fifth, Sixth, Eighth, and Fourteenth Amendments. (*Id.* at 24.)

---

[8] The testimony of Justin Barnhart is in the record. (*See* Doc. No. 6-3 at 911-31.) He testified that his "main job duty is the identification of bodily fluids on evidence [and to] write reports as to my results and testify in court as needed." (*Id.* at 912.)

[9] Petitioner's trial counsel unsuccessfully objected to qualifying Barnhart as an expert. (Doc. No. 6-3 at 914.)

[10] The victim had testified that, at the time of the incident, she was menstruating and tried to use that as a reason to deter Robertson from his intention to have intercourse. (Doc. No. 6-2 at 644.)

Respondent argues that this ground was not "fairly presented" to the state courts and, even if it were not procedurally defaulted, it is not cognizable in habeas because it is a challenge to state court evidentiary rulings. (Return at 56-57.)

Robertson conceded in his traverse that this issue was not raised on direct appeal (although it could have been), but asserts it was fairly presented in his application to reopen his appeal. (Traverse at 1528.)

The R&R concludes that ground one is "not substantially equivalent to any issues litigated in the [S]tate court." (R&R at 1568.) It further concludes, however, that the ground was preserved by way of the Rule 26(B) application to reopen "as a basis for appellate counsel ineffectiveness." (*Id.*) As a result, the R&R engages in the analysis required by *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986),[11] as well as a "cause and prejudice" analysis under *Coleman*, *supra*, and concludes that ground one cannot be considered on the merits. (R&R at 1570-73.)[12]

---

[11] In *Maupin*, the court stated:

When a state argues that a habeas claim is precluded by the petitioner's failure to observe a state procedural rule, the federal court must go through a complicated analysis. . . . First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .

Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .

Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . .

Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. . . .

785 F.2d at 138 (all internal citations omitted).

[12] The R&R also applies a "fundamental miscarriage of justice" standard and analysis, and finds ground one lacking. (R&R at 1573-74.) Although the Court believes this analysis was unnecessary, since petitioner has offered no specific objection, the Court need not review it.

"Under Ohio law, a Rule 26(B) motion for reopening is limited to claims of ineffective assistance of appellate counsel." *Leffler v. Andrews*, No. 3:09CV2801, 2013 WL 3791485, at *10 (N.D. Ohio July 19, 2013) (citing Ohio R. App. P. 26(B)(1)). "When an appellant claims that appellate counsel was ineffective because he failed to raise certain claims, that does not fairly present the underlying substantive claims that appellate counsel failed to raise to the state courts." *Glenn v. Bobby*, No. 1:13CV2013, 2013 WL 3421888, at *10 (N.D. Ohio July 8, 2013) (citing *Goff v. Bagley*, 601 F.3d 455, 472 (6th Cir. 2010)). However, "constitutionally ineffective assistance of appellate counsel may serve as cause and prejudice for claims defaulted due to that ineffectiveness." *Baldwin v. Beightler*, No. 5:08CV2750, 2009 WL 2705922, at *9 (N.D. Ohio Aug. 26, 2009) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451, 129 S. Ct. 1587, 146 L. Ed. 2d 518 (2000)); *see also Coleman*, 501 U.S. at 753-54; *Murray v. Carrier*, 477 U.S. 478, 490-92, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

By way of objection to the R&R, petitioner asserts that, under a cause and prejudice analysis, any default of ground one must be forgiven because he has suffered actual prejudice due to counsel's ineffective handling of Barnhart's testimony. He challenges the R&R's conclusion that he "failed to show that the alleged errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (Objections at 1633, quoting R&R at 1573.) Petitioner then argues:

> The state court record does establish the actual and substantial prejudice to Robertson. The witness was testifying as to why incrimination evidence was not present at the scene. The witness, classified as an expert, was not testifying as to a scientific fact. An expert was not needed to explain to the jury that a condom could account for the lack of the presence of semen. Similarly, the witness in question had no qualifications to testify that semen might leave a menstruating women that otherwise would have been present. Further, that fact that the lack of

9

saliva might be attributed to the taking of a shower or that blankets might have been washed were not subjects requiring expert opinion. The sole purpose of the testimony was to establish that the alleged victim could have been telling the truth. This is the definition of improper bolstering.

Without an expert explanation as to why the state was unable to produce incriminating evidence against Robertson, the jury would have undoubtedly acquitted Roberstson [sic]. Therefore, the error created actual prejudice.

(*Id.* at 1633-34.)

Assuming for purposes of this opinion that this ground raises a constitutional challenge (which the Court questions, there being little to no argument of a constitutional nature) and not just a challenge to a state court's evidentiary rulings, petitioner has nonetheless failed to meet his burden of establishing both cause and prejudice to excuse the default. First, petitioner points to no "objective factor external to the defense [that] impeded counsel's efforts to raise [the] claim" on direct appeal. Second, he cannot establish prejudice because a review of Barnhart's testimony reveals that it was not improper bolstering. Rather, he was testifying within his expertise about the presence or absence of certain bodily fluids in the evidence presented to him for testing. The state court of appeals concluded the same, when it held: "Robertson has not demonstrated that Barnhart made any statement regarding the credibility of S.S. Rather, the portions of Barnhart's testimony cited by Robertson pertain to scientific matters and the content of his report. Robertson has not, therefore, demonstrated that appellate counsel was deficient or that he was prejudiced by the absence of his first proposed assignment of error." (App., Ex. 21 at 1418.)[13]

---

[13] Before the State court, Robertson argued that Barnhart's testimony "only served to bolster the credibility of the alleged victims [sic] uncorroborated testimony . . . ." (App., Ex. 19 at 1392.) He asserted that, under *State v. Boston*, 46 Ohio St. 3d 108, 545 N.E.2d 1220 (1989), "an expert may not testify as to the expert's opinions of the veracity of the statements of a child declarant." (*Id.*) He further relied upon Ohio R. Evid. 702 to assert that expert testimony was not required to assist the jury. (*Id.*) He concluded that, "[h]ad this appellate counsel raised this issue on appeal there is a reasonable chance that this court would have reversed appellant's conviction and ordered a new trial." (*Id.*)

Robertson's assertion here that, without the expert testimony, there would have been no incriminating evidence and the jury would have undoubtedly acquitted him, is simply not true. There was lengthy testimony from the victim, which, if believed by the jury, was enough to convict him. (*See* Doc. No. 6-2 at 626-Doc. No. 6-3 at 857.)

As a result, there was no error of constitutional magnitude relating to the admission of the testimony of Barnhart and ineffective assistance of counsel cannot be used to establish cause for the failure to raise the issue on direct appeal.

Petitioner's objection with respect to ground one is overruled.

**2.     Ground Two – Ineffective Assistance of Appellate Counsel**

Petitioner argues that his appellate counsel "did not exercise reasonable professional judgment in presenting his direct appeal to the state appellate court." (Petition at 26.) In particular, he asserts:

10)    In the direct appeal appellate brief, counsel stated multiple times that "intercourse" had actually transpired and that the sex was consensual. The defense at trial had not been consent. At trial, the defense had been and it continues to be that no sexual activity had taken place between the alleged victim and Robertson.

11)    In addition, appellate counsel failed to raise as a direct appeal issue the failure of to [sic] raise the improper restriction of cross-examination of the victim. On cross-examination, during the viewing of an exhibit, Joint Exhibit B, the appellant attempted to inquire about the clothes the victim was wearing and the significant difference from the clothes she had been wearing. The alleged victim had apparently changed into more revealing attire after the time of the accused incident. The questioning was designed to address rebut [sic] the witnesses [sic] testimony that she had been extremely uncomfortable around Robertson.

Q.    Do you know what you were wearing right there?

A.    Sweat pants and a tank top.

11

> Q.    Your sweat pants, the tank is somewhat, short. You can see your naval area and part of your waist is exposed. (T. 463)
>
> The states [sic] objection was sustained at this point.

(*Id.*) Robertson alleges that his Sixth Amendment right of confrontation was violated, in that he was prohibited from testing the credibility of the witness. (*Id.* at 27.) He asserts that "[a]ppellate counsel's failure to raise the issues discussed in this Ground for Relief cannot be presumed to be the result of a reasonable, strategic decision [and that the] errors appear in the trial record and should have been raised in Robertson's direct appeal." (*Id.* at 28.)[14]

Respondent concedes that this ground was raised in Robertson's application to reopen his appeal, but argues that the state court's determination was not an unreasonable application of the standard in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[15]

This ground raises two sub-claims, which are separately addressed in the R&R: (1) ineffective assistance of appellate counsel by suggesting that there was *consensual* sex, rather than *no* sex; and (2) ineffective assistance of appellate counsel by failing to challenge the limitation of cross-examination regarding the victim's attire after the time of the alleged incident.

As to the first sub-claim, the R&R quoted a passage from defense counsel's closing argument at trial. (*See* R&R at 1578.) Of particular relevance to this ground is counsel's

---

[14] In his traverse, Robertson makes essentially the same arguments. However, the traverse also refers to the petitioner as "Hutton," makes an argument that the function of an appellate court "in capital cases" is not to "winnow out issues," and makes a demand that "his death penalty [be] vacated." (Traverse at 1541.) Because of these clearly erroneous statements, the Court has little confidence in the traverse with respect to ground two.

[15] Under *Strickland*, a person claiming ineffective assistance of counsel must first establish deficient performance by counsel, i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment[.]" 466 U.S. at 687. This assessment is "highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. Next, the claimant must show that prejudice resulted from counsel's conduct. On that prong, the claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

ultimate assertion that the jury must "find [Robertson] not guilty of rape because he never had a forcible sexual encounter with this young lady." (*Id.*, quoting Doc. No. 6-3 at 1047.) The R&R characterizes petitioner's claim that appellate counsel wrongly suggested on direct appeal that there was *consensual* sex, rather than *no* sex, as "mere disagreement with the argument used by appellate counsel[.]" (R&R at 1578.) The R&R "declines to second guess appellate counsel's strategic decision to present or forego a theory of innocence when that decision is unreasonable *given trial counsel's closing argument*." (*Id.*, emphasis added.)

As to the second sub-claim, the R&R notes that, despite the limitation, trial counsel had nonetheless been "successful in exposing to the jury facts about S.S.'s dress, from which the jury could appropriately draw inferences relating to S.S.'s credibility." (R&R at 1580.) The R&R concludes that petitioner fails to "persuad[e] that appellate counsel performed deficiently to Petitioner's prejudice by failing to raise as error, the trial court's decision to limit, not quash, trial counsel's attempt at effectively cross-examining S.S." (*Id.*)

Petitioner objects, as to the first sub-claim, that the R&R overlooks a portion of the closing argument where counsel "clearly argues that no sex had occurred." (Objections at 1636.) He points to counsel's statement during closing that "[s]*he decided to put on the brakes, whatever her version of events may be.*" (Objections at 1636, quoting Doc. No. 6-3 at 1031 (emphasis in original).)

Petitioner further objects, as to the second sub-claim, that the jury was actually prohibited from considering the evidence necessary to "appropriately draw inferences relating to S.S.'s credibility." (*Id.* at 1637, quoting R&R at 1580.)

The task of a federal habeas court "is not to evaluate [the] claim as if it were being analyzed in the first instance[.]" *Jackson v. McQuiggin*, No. 12-2649, 2014 WL 341069, at

*4 (6th Cir. Jan. 31, 2014). Since this very claim was raised before the state court in Robertson's Rule 26(B) application, it is for this Court to determine, under § 2254, whether the decision of that court was "contrary to" or "an unreasonable application of" federal law as determined by the Supreme Court. To that end, the Court must "determine 'what arguments or theories supported or . . . could have supported' the state court's conclusion." *Id.* (quoting *Harrington*, 131 S. Ct. at 786). Furthermore, when, as here, "*Strickland* and § 2254(d) apply in concert, federal courts must employ a 'doubly deferential' standard of review, which creates a 'formidable barrier' to habeas relief." *Jackson*, *supra*, at *4 (citations omitted).

Petitioner has not met his burden of showing that there was an unreasonable application of federal law by the state court of appeals (the "federal law" being *Strickland*) when it concluded, after considering this same claim, that "[a]ppellate counsel was not deficient nor was Robertson prejudiced by appellate counsel's merely stating the facts in the record[,]" (App., Ex. 21 at 1422), including the following facts, which must be presumed correct:

(1)    "testimony during trial was that Robertson had intercourse with S.S.[,] [and] [t]hat testimony has not been contradicted[;]" and,

(2)    "Robertson's trial counsel reminded the jury: 'In voir dire I had a conversation with you about distinguishing between morality and legality. And if it were illegal to try to have consensual sex or have consensual sex with a 17 year old, he would be here for that.'"

(*Id.* at 1421-1422.)

Petitioner's objections regarding ground two are overruled.

### 3.    Ground Three – Prosecutorial Misconduct/Unfairly Prejudicial Evidence

In this claim of the petition, Robertson asserts that "[p]rosecutorial misconduct at [his] trial was so flagrant and prejudicial that it resulted in a trial that was fundamentally unfair." (Petition at 29.) In particular, Robertson asserts that the prosecuting attorney so intimidated a key

14

defense witness, B.S. (who is also the mother of Robertson's child), that she exercised her Fifth Amendment right not to testify. (*Id.*)

Respondent concedes that this claim was presented on direct appeal, but argues that the state court did not unreasonably apply federal law. (Return at 64.)

The R&R concludes that "[e]ven assuming that Brandy Skipper was manipulated by Petitioner and the prosecutor, the Magistrate is not persuaded that the prosecution's treatment of Brandy Skipper was so flagrant and prejudicial as to render Petitioner's trial fundamentally unfair." (R&R at 1582.)

Petitioner has actually raised no challenge to the propriety of this conclusion, notwithstanding the fact that his Objection contains a section that purports to address ground three. (*See* Objections at 1639-40.) Nevertheless, the Court will briefly review the issue raised.

On January 27, 2011, the state court of appeals addressed this claim as follows:

Defendant alleges that the prosecutor harassed B.S. and intimidated her into testifying. Defendant filed a "Request for Order to Investigate Factual Basis of Witness Tampering by Assistant Prosecuting Attorney Jennifer Driscoll" and a motion for a new trial, which the court denied after a hearing.

Pursuant to Crim.R. 33(A)(2), the court may grant a defendant's motion for a new trial based on prosecutorial misconduct that materially affects his substantial rights. We review motions for new trials under an abuse of discretion standard. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 76, 564 N.E.2d 54.

At the hearing, defense counsel read into the record a letter allegedly written by B.S. on June 17, 2009, stating that the prosecutor wanted her "to testify to something other than the truth." The letter also claimed that the prosecutor threatened B.S. by telling her that if she did not cooperate, she would go to jail and her son would be taken away. B.S. claimed that as a result of the prosecutor's statements, she was intimidated into exercising her Fifth Amendment right not to testify in the instant case.

The state, on the other hand, presented evidence that B.S. was being prosecuted as a co-defendant in juvenile court for the offenses against S.S. Additionally, B.S. was a named victim in other criminal cases against defendant.

15

See Cuyahoga Common Pleas Case Nos. CR–521706 and CR–525798. It was in association with these cases, and not the instant case, that the state sought her cooperation. A subpoena was issued for B.S. to testify, however, B.S. failed to appear in juvenile court on more than one occasion. Subsequently, a warrant was issued for her arrest. The prosecutor contacted B.S.'s mother, who agreed to take B.S. to her next court appearance. B.S. spent the night before her court date at her parent's house. However, when B.S.'s mother awoke the next morning, B.S. was gone. Authorities located B.S., who was with defendant's sister. B.S. was arrested and put in jail; her parents took temporary custody of her son. Given this evidence, we cannot say that the court abused its discretion in denying defendant's motion for a new trial based on prosecutorial misconduct, and defendant's fourth assignment of error is overruled.

(App., Ex. 14 at 1338-40.)

Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct[]" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

Here, not petitioner not only fails to meet this burden, he actually fails to even *try* to meet it.

Petitioner's "objections" regarding ground three are overruled.

### 4.    Ground Four – Unfairly Prejudicial Evidence

Robertson asserts in this ground that it was a violation of his constitutional rights to due process and a fair trial when the state was permitted, over objection, to present to the jury evidence that Robertson lived with and impregnated his girlfriend, Brandy Skipper, a then sixteen year old girl. Robertson asserts that the jury would naturally find this unacceptable conduct that could be taken as evidence that he was a morally bad person, who would be likely to commit a sexual assault or rape of a younger girl. (Petition at 31.) Robertson argues that this error on an evidentiary matter rose to the level of a constitutional violation because it "renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the

16

Fourteenth Amendment." (*Id.*, quoting *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004)). He claims that the introduction of such inflammatory evidence created an impermissible risk that the jury would not be mindful of the instruction, and, therefore, had a "substantial and injurious effect or influence on the jury's verdict." (*Id.* at 32, quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)).

Respondent argues that this ground is barred from review because it was not fairly presented to the state courts and, in any event, is not cognizable in federal habeas. (Return at 68.)

In his traverse, petitioner asserts that this ground is not barred because it was raised as his third assignment of error on direct appeal. (Traverse at 1551.)

The R&R evaluated this claim under *Maupin v. Smith*, *supra*, which applies when a claim is procedurally defaulted. (R&R at 1570-73.)

Although the issue was raised on direct appeal to the court of appeals, it was abandoned in petitioner's appeal to the Ohio Supreme Court (*see* App., Exs. 12, 16), and there is now no relief available in the state courts. Thus, the issue is procedurally defaulted. However, even if it were not defaulted, it would still not survive because it was not "fairly presented" to the state courts.

To determine whether a federal constitutional claim has been "fairly presented," a court looks to whether, before the state court, the petitioner "(1) reli[ed] upon federal cases employing constitutional analysis; (2) reli[ed] upon state cases employing federal constitutional analysis; (3) phras[ed] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[ed] facts well within the mainstream of constitutional law." *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). "In other words, the petitioner must

17

present to the state courts 'both the factual and legal basis for his claim,' as well as 'the same claim under the same theory.'" *Solether v. Williams*, 527 F. App'x 476, 483 (6th Cir. 2013) (quoting *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004)). "General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." *McMeans*, 228 F.3d at 681.

Petitioner's entire argument before the state court of appeals was as follows:

Under Ohio law, character evidence and other acts evidence is generally not admissible against the defendant. Ohio Rule of Evidence 404 provides in relevant part:

> (A)     Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions:

> (1)     Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape . . . the exceptions provided by statute enacted by the General Assembly are applicable.[2]

>> [2] Subsection (D) of 2907.02, Ohio's Rape statute, provides in part that evidence of the defendant's sexual activity is not admissible, excepting for very limited purposes such as proof of origin of semen, pregnancy or disease.

> (B)     Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent[,] preparation, plan, knowledge, identity, or absence of mistake or accident.

Ohio Rule of Evidence 403 provides:

> (A)     Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

18

(B)     Exclusion discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by consideration of undue delay, or needless presentation of cumulative evidence.

In the case at hand, evidence that Appellant lived with and had impregnated his girlfriend, Brandy Skipper, a then sixteen year old girl, was presented to the jury. (R. 312, 316-317, 361, 416, 418) Appellant specifically moved to exclude any mention of Skipper's age. (R. 85) The objection was overruled.

The jury was shown that Appellant had an ongoing sexual relationship with a much younger girl. This evidence would be taken by most jurors as proof of bad or unacceptable conduct. In turn, it would be taken as evidence that he was a morally bad person, who would be more likely to commit a sexual assault or rape of a younger girl. This is precisely what the rule proscribes.

Moreover, the prejudicial effect of this evidence outweighed any probative value. As a result, Appellant was denied a fair trial. His conviction should be reversed for this reason, also.

(App., Ex. 12 at 1290-91, footnote in original.)

It is quite clear, when reading this argument in light of the relevant constitutional case law above, that petitioner did not "fairly present" any constitutional claim to the state court of appeals and, therefore, has not preserved this claim for habeas review in any fashion. Petitioner has not attempted to establish any cause and prejudice relating to this failure.

Petitioner's objection with respect to ground four is overruled.

19

## III. CONCLUSION

For the reasons set forth, all of petitioner's objections are overruled and the R&R is accepted as discussed herein. The petition is denied and the case is dismissed. Further, the Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 20, 2014

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**